```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```

|                              |   |                        |
|------------------------------|---|------------------------|
| **DEANGELO MARQUEZ CALVIN,** | ) |                        |
|                              | ) |                        |
|    **Plaintiff,** | ) |                    |
|                              | ) |                        |
|                              | ) |                        |
| v.                           | ) | No. 24-cv-2098-SHM-tmp |
|                              | ) |                        |
| **SHELBY COUNTY, TENNESSEE,**| ) |                        |
|                              | ) |                        |
|    **Defendant.** | ) |                    |
|                              | ) |                        |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Deangelo Marquez Calvin, an inmate at the Shelby County Jail in Memphis, Tennessee, brought this case under 42 U.S.C. § § 1983 and 1988. Before the Court is Defendant Shelby County, Tennessee's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5). For the reasons below, the Court **DENIES** Defendant's motion.

**I.    Background**

On February 12, 2024, Plaintiff DeAngelo Marquez Calvin, an inmate at Shelby County Jail, filed a *pro se* complaint against Defendants 201 Poplar Shelby County Jail and Shelby County. (ECF No. 1.) The complaint raised claims of civil rights violations under 42 U.S.C. § 1983. (Id.) Plaintiff alleged, among other things, that Shelby County Jail staff had

failed to adequately protect him when an inmate entered his unlocked cell and stabbed him 15 times. (Id.) Plaintiff filed an amended complaint on the same day, largely repeating his allegations. (ECF No. 2.) On February 14, 2024, Plaintiff filed a motion to proceed *in forma pauperis*, which the Court granted. (ECF No. 5.) The case was then assigned to the *pro se* prisoner track and referred to a staff attorney by the Court Clerk, pursuant to Local Rule 16.2(b)(2).

In September 2024, Plaintiff obtained counsel. (ECF No. 15.) Plaintiff's Counsel filed a notice of appearance on September 30, 2024, and a Second Amended Complaint on October 9, 2024. (ECF Nos. 8-9). The Second Amended Complaint names only Shelby County and makes additional claims and allegations about Plaintiff's treatment in the Shelby County Jail. (Id.) Plaintiff filed a notice of summons on February 12, 2025. (ECF No. 10.) Summons was issued on February 13, 2025. (ECF No. 11.) Summons was served on March 6, 2025. (ECF No. 14)

On March 27, 2025, Defendant Shelby County filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 13.) Defendant argues that Plaintiff has not complied with Federal Rule of Civil Procedure 4(m), because more than 90 had days passed between the filing of the Second Amended Complaint and the issuance and service of summons.

2

(Id.) Defendant also argues that there was not good cause for Plaintiff's delay. (Id.)

Plaintiff responds that he has good cause because he was unable to file a notice of summons, given that the case remained on the *pro se* prisoner track until January 23, 2025. (ECF No. 15.) Plaintiff's Counsel represents that the status of the case on the *pro se* track prevented counsel from filing notice of summons. (Id.) Plaintiff cites Local Rule 4.1(3), which bars *pro se* prisoners from issuing summonses. The Clerk will issue summons only if directed to do so by the Court after screening pursuant to 28 U.S.C. § 1915. (Id.) Plaintiff's Counsel repeatedly called the Clerk's Office in the weeks after Plaintiff filed his Second Amended Complaint seeking to have the case formally removed from the *pro se* prisoner track to allow counsel to file notice of summons. (Id.) On January 23, 2025, the Clerk's Office informed Plaintiff's Counsel that the Clerk had removed the case from the *pro se* prisoner track. (Id.) After that notice, Plaintiff's counsel filed a notice of summons on February 12, 2025, and had Defendant served on March 6, 2025, respectively 20 days and 42 days after the Clerk had removed the case from the *pro se* track.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(5) authorizes courts to "dismiss a complaint for insufficient service of process, including for failure to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure." Moore v. Lee, No. 3:23-CV-196, 2025 WL 745596, at *2 (E.D. Tenn. Mar. 7, 2025) (internal citations omitted). Rule 4(m) states that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action without prejudice against that defendant…But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If a plaintiff demonstrates good cause for failing to provide timely service of process, the court must extend the time to effect service. United States v. Oakland Physicians Med. Ctr., LLC, 44 F.4th 565, 568 (6th Cir. 2022). "[A]bsent a finding of good cause, the court retains discretion as to whether or not to enlarge [the] timeframe." Id.

### III. Analysis

#### A. Good Cause

The Local Rules for the Western District of Tennessee provide that Rule 4(m) governs the time for service in all cases, except for certain *pro se* plaintiffs. L.R. 4.1(c). In cases in which a *pro se* prisoner is proceeding *in forma*

4

*pauperis*, service must be effected within 60 days of the filing of the service order. Id. In *pro se* prisoner cases, the Clerk will issue process only if directed to do so by the Court after screening pursuant to 28 U.S.C. § 1915A and, if applicable, 28 U.S.C. § 1915(e)(2)(B). L.R. 4.1(b)(3).

Here, Plaintiff's counsel represents that the case was designated a *pro se* prisoner case even after Plaintiff had obtained counsel and filed his Second Amended Complaint on October 9, 2024. Thus, Local Rule 4.1(b)(3) would govern and filing a notice of summons would have been barred until the case was removed from the *pro se* track on January 20, 2025. (ECF No. 15.) Plaintiff's counsel represents that she "attempted" to file notice of summons, but was unable to do so because of the *pro se* designation. (Id.) Counsel represents that the Clerk's delay in removing the case from the *pro se* prisoner track is "good cause" for the delay in the filing, issuance, and service of summons and process. (Id.) Defendant does not address those arguments.¹ (ECF No. 13.)

---

¹ In its Motion to Dismiss, Defendant argues that, because "Plaintiff did not move for an extension of the Fed. R. Civ. P. 4(m) deadline, considerations of 'good cause' and 'excusable neglect' are irrelevant" and that the Court could not find good cause or grant an extension even if it wanted to. That argument fails for two reasons. First, Rule 4(m) does not require a plaintiff to file a motion for an extension of time before granting an extension. See Fed. R. Civ. P. 4(m); see also Palomino v. Cuyahoga Cnty., No. 1:21-CV-2139, 2022 WL 3542501 (N.D. Ohio Aug. 18, 2022) (granting a 4(m) extension although plaintiff did not file a motion). Second, even

5

Establishing "good cause" for untimely service "is the responsibility of the party opposing the motion to dismiss." Ahmed v. Ohio State Highway Patrol, No. 1:17-CV-02555, 2019 WL 4419054, at *7 (N.D. Ohio Aug. 28, 2019), report and recommendation adopted as modified, No. 1:17 CV 2555, 2019 WL 4418335 (N.D. Ohio Sept. 16, 2019). Although Rule 4(m) does not define "good cause," the Sixth Circuit has recognized a number of circumstances that may warrant a finding of "good cause." See Warrior Imports, Inc. v. 2 Crave, 317 F.R.D. 66, 69 (N.D. Ohio 2016). One of those circumstances is the failure of a plaintiff proceeding *in forma pauperis* to perfect service because of errors made by the court clerk or U.S. Marshals. See Id. (citing Byrd v. Stone, 94 F.3d 217, 220 (1996)). Service of process failures resulting from other mistakes by court clerks and staff have also constituted good cause. See Clemons v. Soeltner, 62 F. App'x 81, 83 (6th Cir. 2003) (opining "[w]e have found good cause, as have our sister circuits, when failure of the Marshals Service and clerk to perform their required duties resulted in failure to effect timely service on behalf of a pro se plaintiff proceeding in forma pauperis"); see also Davidson v. Weltman, Weinberg & Reis, 285 F. Supp. 2d 1093, 1096 (S.D. Ohio 2003) (opining "[p]laintiff has

---

if a motion were a predicate to a finding of good cause, the Court could exercise its discretion to grant relief.

6

demonstrated good cause in the form of undisputed evidence that the failure to perfect service in a timely manner was due to an error on the part of the Clerk's Office.")

Plaintiff argues that "it was impossible for Plaintiff to cause summons to be issued" because "Plaintiff's claims had not yet been evaluated by the Court consistent with LR 4.1(b)(3)." (ECF No. 15.) Plaintiff's argument is not well taken. Rule 4.1(b)(3) applies only to *pro se* Plaintiffs. Once Plaintiff had obtained counsel, his *pro se* status terminated, and Rule 4.1(b)(3) no longer applied. Plaintiff could have filed a notice of summons with the Court, although the case was (at that point incorrectly) designated as a *pro se* prisoner case by the Clerk's office. That designation, after Plaintiff had obtained counsel and counsel had filed a notice of appearance on September 30, 2024, was incorrect. Nothing barred Plaintiff (technically or otherwise) from filing a notice of summons with the Court after filing the Second Amended Complaint on October 9, 2024.[2] Nothing in the CM system would have barred Plaintiff's counsel from doing so. Although a Court Clerk error might constitute "good cause" for a delay in the service

---

[2] Plaintiff's counsel represents that she "attempted to file Notice of Summons" but "was unable to file Notice of Summons because Plaintiff's case had not yet been moved off the *pro se* track." (ECF No. 15.) The Clerk's office has made it clear, however, that there were no technological barriers to filing Notice of Summons in the CM ECF system.

of process, the Clerk's delay in changing the technical designation of the case as a *pro se* prisoner case does not constitute good cause. The Clerk's inaction did not prevent Plaintiff's counsel from filing a notice of summons and is not good cause for the delay in filing and serving summons. Even if counsel's delay were based on a good faith, mistaken reading of the rules, "mistake of counsel or ignorance of rules" cannot establish good cause under Rule 4(m). Johnson v. Smith, 835 F. App'x 114, 115 (6th Cir. 2021).

### B. Court's Discretion

"[A]bsent a finding of good cause, the court retains discretion as to whether or not to enlarge [the] timeframe." Oakland Physicians Med. Ctr., LLC, 44 F.4th at 568. In Oakland, the Sixth Circuit established the following factors for district courts to consider when deciding whether to grant a discretionary extension of time absent a finding of good cause:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;

    (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

    (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

    (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

    (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case

Id. at 569.

The Oakland factors favor the Court's exercising its discretion to extend the time to effect service of summons.

Factor one slightly favors Defendant. The 90-day deadline to file service of summons after Plaintiff had filed his Second Amended Complaint on October 9, 2024, would have been January 7, 2025. Plaintiff caused summons to be issued on February 12, 2025, and served Defendant on March 26, 2025. Defendant was served 71 days after the deadline had passed. This timeframe slightly favors dismissal. Compare Oakland Physicians Med. Ctr., LLC, 44 F.4th at 571 (stating that, in considering factor one, "50 days [is] not a very long time") (internal citations omitted) with Dr. Regina Jordan-Sodiq v. Social Security Administration, et al., No. 3:25-CV-00288, 2025 WL 3091145, at *3 (M.D. Tenn. Nov. 4, 2025) (stating that, if "service would

9

have been completed more than [60 days] after Plaintiff's original deadline," factor one would "weigh[] slightly against an extension").

Factor two favors Plaintiff. Defendant has not identified any prejudice other than the prejudice inherent in defending the suit.

Factor three favors Defendant. There is no evidence that it had notice of the suit before being served on March 6, 2025.

Factor four strongly favors Plaintiff. Section 1983 claims are "subject to the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." Hudson v. City of Memphis, No. 3:23-CV-00591, 2025 WL 1116545, at *5 (M.D. Tenn. Apr. 15, 2025), report and recommendation adopted, No. 3:23-CV-00591, 2025 WL 1566606 (M.D. Tenn. June 3, 2025) (internal quotations omitted) (citing Eidson v. Tenn. Dep't of Child.'s Servs., 510 F.3d 631, 634 (6th Cir. 2007). The statute of limitations for personal injury actions in Tennessee is one year. See Tenn. Code Ann. § 28-3-104(a); Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). Although the date on which the statute of limitations begins to run in a § 1983 case is a question of federal law, the statute generally begins to run when the plaintiff knows or has reason to know of the injury

that is the basis of the action. Harrison v. Michigan, 722 F.3d 768, 772-73 (6th Cir. 2013). Here, Plaintiff alleges that Defendant failed to protect Plaintiff adequately when he was attacked and stabbed 15 times in his cell by another inmate on December 17, 2023, and attacked and stabbed by other inmates in May 2024. (ECF No. 9.) Although other claims in the Second Amended Complaint are ongoing, the two central claims might be time-barred were the case to be refiled. Factor four favors Plaintiff.

Factor five favors Plaintiff. Although Plaintiff could have filed a notice of summons immediately after filing his Second Amended Complaint, the delay appears to be based on an incorrect but good faith reading of the local rules. Because the case was designated as a *pro se* prisoner case until January 23, 2025, a good faith reading of Local Rule 4.1(b)(3) could imply that an attorney could not file a notice of summons. In relevant part, the rule reads that "[i]n all *pro se* cases where the plaintiff is a prisoner, the Clerk will issue summonses only if directed to do so by the Court." Plaintiff's counsel did not wait for the designation to change. Counsel represents that she called the Clerk's office at least eight times between October 9, 2024, when Plaintiff filed his Second Amended Complaint, and January 23, 2025, when the case was removed from

11

the *pro se* track, to inquire about when the case would be recategorized so that, in accordance with counsel's understanding of the rule, counsel could properly file a notice of summons. (ECF No. 15.) Once the case was recategorized on January 23, 2025, Plaintiff promptly filed a Notice of Summons on February 12, 2025, and served Defendant on March 6, 2025, 42 days after the case had been formally removed from the *pro se* track.  Counsel's actions were good faith efforts to effect notice and service of summons, although they were based on a flawed understanding of the Local Rules.  See Moore v. Lee, No. 3:23-CV-196, 2024 WL 4843968, at *3 (E.D. Tenn. Nov. 20, 2024) (finding "good faith effort to effect proper service of process" where the *pro se* Plaintiff consistently communicated with the court clerk's office in an ultimately failed attempt to properly serve summons); see also  Wessling v. Miner, No. 5:24-CV-00340-GFVT, 2025 WL 1656636, at *4 (E.D. Ky. June 11, 2025) (finding good faith efforts where attorney was in consistent contact with relevant individuals while attempting to serve process during 90 day period, and observing that it was "not a case in which counsel has been dilatory for an extended period").  The failure here was not based on counsel's busyness or lack of attention.  Factor five favors Plaintiff.

12

Factor six favors Defendant. Plaintiff was not a *pro se* litigant during the relevant time for filing and serving summons.

Factor seven is neutral. There are no equitable factors not analyzed above.

Factors one, three, and six favor Defendant. Factors two, four, and five strongly favor Plaintiff. Granting the motion could preclude consideration of Plaintiff's case on the merits and work a substantial injustice on highly technical grounds. The Court exercises its discretion to deny Defendant's motion to dismiss and to grant an extension of time for summons to be issued and served. The additional time extends through March 7, 2025.

**IV.  Conclusion**

The Court exercises its discretion under Rule 4(m) to EXTEND the service deadline to March 7, 2025, *nunc pro tunc*, FINDS that Defendant has been properly served, and DENIES Defendant's Rule 12(b)(5) Motion to Dismiss.

So ordered this 24th day of November, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

13